IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEGACY, INC.,                          )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 )    No. 05 C 5431
                                       )
TEKSERVE POS, LLC, a Minnesota         )
limited liability corporation,         )
et al.,                                )
                                       )
            Defendants.                )

MEMORANDUM ORDER

Counsel for plaintiff Legacy, Inc. ("Legacy") and codefendant Kurt Allseitz ("Allseitz") have filed their previously-requested submissions in connection with Legacy's supplemental petition seeking fees and expenses in light of this Court's March 12, 2007 ruling. Although this Court had hoped to speak briefly with both sides' counsel about the need for one further (and, it is hoped, final) submission by Legacy in response to Allseitz' recently filed objections, it has been advised that Allseitz' counsel is away until July 9 and that no one else in his office is sufficiently familiar with the matter to participate in such discussion. Accordingly this memorandum order is being issued as a substitute for that contemplated telephonic discussion.

When Allseitz' counsel returns and becomes available for either a telephonic or in-court conference on the matter, this Court will be prepared to discuss and rule upon the substantive

principles involved in Legacy's petition and Allseitz' objections. But because Allseitz has also raised some specific objections to items included in Legacy's request, Legacy may be called upon to reply as to the propriety of charging to Allseitz some or all of the individual items referred to in Allseitz' Response ¶¶10-13 and 16-20.

Before Legacy's counsel proceeds to do so, however, one caveat should be directed to both sides' counsel. Each should be alerted to the fees-on-fees aspect of calling for such further work, a subject that invariably leads this Court to think (and frequently to speak) in terms of Jonathan Swift's lines of doggerel from his On Poetry, A Rhapsody:

> So, naturalists observe, a flea
> Hath smaller fleas that on him prey;
> And these have smaller still to bite 'em;
> And so proceed ad infinitum.

This Court's regular practice in such situations is to allocate the truly incremental cost of added time spent by a claimant's counsel on challenged items in proportion (as can best be ascertained) to the degree of success or failure of the challenges involved. Because that process can either increase or decrease the award of fees and expenses, counsel for an objecting party may decide whether it is or is not worth the risk to launch into that process. Hence Allseitz' counsel may want to consider that subject--or may want to confer with Legacy's counsel about the matter.

2

If under the circumstances Allseitz' counsel decide to withdraw the stated objections, this Court should be advised accordingly--or if not, this Court will turn to the task when it receives Legacy's further submission. In any event this Court will await a prompt response on the subject.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 25, 2007